# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

**CYNTHIA L. ISBELL,**

**Plaintiff,**

**-vs-** **Case No. 6:11-cv-1076-Orl-DAB**

**COMMISSIONER OF SOCIAL SECURITY,**

**Defendant.**

---

## MEMORANDUM OPINION AND ORDER

This cause came on for consideration without oral argument on review of the Commissioner's decision to deny Plaintiff's application for social security disability benefits. For the reasons set forth herein, the decision of the Commissioner is **AFFIRMED.**

## Procedural History

Plaintiff filed an application for Disability Insurance Benefits on May 22, 2007, alleging that she became unable to work on May 9, 2007 (R. 107). Her claim was denied initially and upon reconsideration, and Plaintiff requested and received a hearing before an Administrative Law Judge ("the ALJ") (R. 65, 72, 74). On October 23, 2009, the ALJ issued an unfavorable decision (R. 14-27). On June 9, 2011, the Appeals Council denied the request for review (R. 1-7), making the ALJ's decision the final decision of the Commissioner. The instant action followed (Doc. No. 1), and the parties consented to the jurisdiction of the undersigned United States Magistrate Judge. The parties have briefed the issues and the case is ripe for review pursuant to 42 U.S.C. §§ 405(g).

## Nature of Claimed Disability

Plaintiff alleged disability beginning May 9, 2007, as the result of a staph infection, anxiety, panic attacks, thyroid problems (R. 139), and fibromyalgia (R. 40-41).

*Summary of Evidence Before the ALJ*

Plaintiff was 43 years old on the alleged onset date (R. 26, 34), with a college education (R. 34) and past relevant work experience as a customer service manager, graphic designer and office worker (R. 24).

Her pertinent medical history is set forth in detail in the ALJ's decision and, in the interests of privacy and brevity, is set forth in this opinion only as necessary to address Plaintiff's objections. In addition to the medical records of the treating providers, the record includes her testimony at the administrative hearing, written forms and reports completed by Plaintiff and others, and opinions from examining and non-examining consultants. By way of summary, the ALJ found that Plaintiff had the following impairments: fibromyalgia, status-post staph infection, as well as an affective mood disorder (R. 26), and the record supports this uncontested finding. The ALJ found that these impairments did not meet or medically equal any of the listed impairments in 20 C.F.R. pt. 404, subpart P, app. 1(2011) (R. 19). The ALJ then determined that Plaintiff had the residual functional capacity ("RFC") to perform sedentary work, except that she was limited to occasionally performing climbing, balancing, stooping, crouching, crawling, kneeling and overhead reaching (R. 21). The ALJ further found that Plaintiff could understand, remember, and carry out simple instructions and perform simple routine tasks, and could only have occasional interaction with supervisors (R. 21). The ALJ determined that Plaintiff's mental limitations rendered her unable to perform her past relevant work as it consisted of skilled occupations (R. 24), but, with the aid of the testimony of a Vocational Expert ("VE"), found that Plaintiff could perform other jobs that existed in significant numbers in the national economy (R. 25, 59-60). Thus, the ALJ found Plaintiff to be "not disabled" (R. 26).

## Standard of Review

The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standards, *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the findings

are supported by substantial evidence, *Richardson v. Perales*, 402 U.S. 389, 390 (1971). The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla – *i.e.*, the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995), *citing Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

"If the Commissioner's decision is supported by substantial evidence, this Court must affirm, even if the proof preponderates against it." *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n. 8 (11th Cir. 2004). "We may not decide facts anew, reweigh the evidence, or substitute our judgment for that of the [Commissioner.]" 357 F.3d at 1240 n. 8 (internal quotation and citation omitted); *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005). The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560; *accord*, *Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (court must scrutinize the entire record to determine reasonableness of factual findings).

## Issues and Analysis

Plaintiff raises three issues for review:[1] 1) whether the ALJ and the Appeals Council "ignored" the treating physician's opinions supporting disability; 2) whether the ALJ established a reasonable basis for rejecting Plaintiff's testimony; and 3) whether the ALJ failed to include all impairments in the RFC assessment or hypothetical question posed to the Vocational Expert (Doc. No. 18 at 2). The Court reviews these objections in the context of the sequential evaluation used by the ALJ.

---

[1]Plaintiff's fourth issue involves the appropriate remedy upon reversal. As this Court determines that reversal is not warranted, it need not address this issue.

The ALJ must follow five steps in evaluating a claim of disability. *See* 20 C.F.R. §§ 404.1520, 416.920. First, if a claimant is working at a substantial gainful activity, she is not disabled. 29 C.F.R. § 404.1520(b). Second, if a claimant does not have any impairment or combination of impairments which significantly limit her physical or mental ability to do basic work activities, then she does not have a severe impairment and is not disabled. 20 C.F.R. § 404.1520(c). Third, if a claimant's impairments meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1, she is disabled. 20 C.F.R. § 404.1520(d). Fourth, if a claimant's impairments do not prevent her from doing past relevant work, she is not disabled. 20 C.F.R. § 404.1520(e). Fifth, if a claimant's impairments (considering her residual functional capacity, age, education, and past work) prevent her from doing other work that exists in the national economy, then she is disabled. 20 C.F.R. § 404.1520(f). The plaintiff bears the burden of persuasion through Step 4, while at Step 5 the burden shifts to the Commissioner. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). Here, the ALJ determined that Plaintiff could not return to her past relevant work (step four), but found that Plaintiff could perform other work (step five)

*Evaluation of the opinions of the treating physician*

Plaintiff contends that the opinions of her treating provider, Dr. Coupland, were "ignored" by the ALJ and the Appeals Council. In *Winschel v. Commissioner of Social Security*, 631 F.3d 1176, 1178–79 (11th Cir. 2011), the Eleventh Circuit held that whenever a physician offers a statement reflecting judgments about the nature and severity of a claimant's impairments, including symptoms, diagnosis, and prognosis, what the claimant can still do despite his or her impairments, and the claimant's physical and mental restrictions, the statement is an opinion requiring the ALJ to state with particularity the weight given to it and the reasons therefor. *Id*. (citing 20 CRF §§ 404.1527(a)(2), 416.927(a)(2).) Thus: "when the ALJ fails to 'state with at least some measure of clarity the grounds for his decision,' we will decline to affirm 'simply because some rationale might have supported the

ALJ's conclusion.'" *Winschel*, 631 F3d. at 1179, *citing Owens v. Heckler*, 748 F.2d 1511, 1516 (11th Cir. 1984) (per curiam).

Substantial weight must be given to the opinion, diagnosis and medical evidence of a treating physician unless there is good cause to do otherwise. *See Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997); *Edwards v. Sullivan*, 937 F.2d 580, 583 (11th Cir. 1991); 20 C.F.R. § 404.1527(d). If a treating physician's opinion on the nature and severity of a claimant's impairments is well supported by medically acceptable clinical and laboratory diagnostic techniques, and is not inconsistent with the other substantial evidence in the record, the ALJ must give it controlling weight. 20 C.F.R. § 404.1527(d)(2). The ALJ may discount a treating physician's opinion or report regarding an inability to work if it is unsupported by objective medical evidence or is wholly conclusory. *See Edwards*, 937 F.2d 580 (ALJ properly discounted treating physician's report where the physician was unsure of the accuracy of his findings and statements.)

Where a treating physician has merely made conclusory statements, the ALJ may afford them such weight as is supported by clinical or laboratory findings and other consistent evidence of a claimant's impairments. *See Wheeler v. Heckler*, 784 F.2d 1073, 1075 (11th Cir. 1986); *see also Schnorr v. Bowen*, 816 F.2d 578, 582 (11th Cir. 1987). When a treating physician's opinion does not warrant controlling weight, the ALJ must nevertheless weigh the medical opinion based on the 1) length of the treatment relationship and the frequency of examination; 2) the nature and extent of the treatment relationship; 3) the medical evidence supporting the opinion; 4) consistency with the record as a whole; 5) specialization in the medical issues at issue; 6) other factors which tend to support or contradict the opinion. 20 C.F.R. § 404.1527(d). However, a treating physician's opinion is generally entitled to more weight than a consulting physician's opinion. *See Wilson v. Heckler*, 734 F.2d 513, 518 (11th Cir. 1984); *see also* 20 C.F.R. § 404.1527(d)(2).

Dr. Coupland was Plaintiff's treating provider during the time at issue. Plaintiff complains that the ALJ and Appeals Council "completely overlooked" the following:

> On April 27, 2007, Dr. Coupland wrote a note that Ms. Isbell was unable to work that day and the previous day (Tr. 330). On May 14, 2007, Dr. Coupland opined "[Patient] unable to function at this point at work" and wrote a note for 12 weeks of medical leave (Tr. 331-332). On June 14, 2007, Dr. Coupland recommended she continue on disability (Tr. 439). On July 18, 2007, Dr. Coupland opined "Pt. Unable to work at this time. Disability forms filled out." (Tr. 437). On July 23, 2007, Dr. Coupland opined that Ms. Isbell was currently unable to work, mostly as a result of her fibromyalgia (Tr. 358). On September 25, 2007, Dr. Coupland noted she was unable to do volunteer work four hours a week because she became exhausted, could not focus, and had pain (Tr. 434). On November 20, 2007, Dr. Coupland noted she was "still unable to hold down a job with the level of her stress and pain" and recommended continued disability from fibromyalgia (Tr. 430). As late as April 30, 2008, Dr. Coupland still recommended only that Ms. Isbell "gradually resume activity" (Tr. 427).

(Plaintiff's Brief, Doc. No. 18 at 9-10).

As noted by the Commissioner, the ALJ and the Appeals Council did not "completely ignore" the opinions of Dr. Coupland; rather, the ALJ specifically discussed the treatment notes of this physician (R. 21-24) and relied on the records in formulating the RFC. ("In sum, the above residual functional capacity assessment is supported by the medical records from the claimant's treating physician, Dr. Joan Coupland, the psychological consultative evaluation by Dr. Rosimeri Clements, the state agency's mental residual functional capacity assessment, and the observations and testimony received by the undersigned administrative law judge at the hearing held on September 23, 2009." (R. 24)) The Appeals Council, too, discussed the treating notes and opinions of Dr. Coupland, at length (R. 1-2). This is not a case where the opinions of the treating doctor were overlooked.

It appears that Plaintiff is actually contending that the above record excerpts are opinions conclusive of disability and the ALJ should have given them great weight. Initially, the Court notes that the record excerpts cited by Plaintiff include mere conclusory statements of disability, which are not entitled to automatic deference. Moreover, the record excerpts cited include complaints Plaintiff reported to her doctor, which are not the equivalent of a finding by the physician regarding the

reported symptoms. Indeed, many of Dr. Coupland's notes contain little or no objective findings to support the allegation of permanent disability or contain findings that are inconsistent with an opinion of disability. *See, e.g.*, Dr. Coupland's December 2008 examination, in which, as noted by the ALJ, " the claimant was examined after complaining of joint pain, particularly in her hip and legs, as well as her shoulders and hands. Dr. Joan Coupland, the claimant's treating physician noted some tenderness in her shoulders, but otherwise her examination was completely normal, including her hands." (R. 22, 424); *see also* the rationale provided by the Appeals Council: "The form completed by Dr. Coupland on January 21, 2010, lists various symptoms and limitations that you reportedly have alleged. Although Dr. Coupland indicated that these symptoms and limitations have existed since May 9, 2007, many are not corroborated in Dr. Coupland's contemporaneous treatment records or elsewhere in the record (Exhibits IF, 2F, 9F, l7F)." (R. 2). As these conclusions are supported by substantial evidence, they are entitled to this Court's deference.

Most importantly, the alleged onset of disability here is May 9, 2007. Even if one were to fully credit all of the above record excerpts as "opinions" of permanent disability, as opposed to a temporary condition as Plaintiff recovered from her staph infection and dealt with numerous stressors,[2] the excerpts do not establish that Plaintiff was disabled "for a continuous period of not less than 12 months." *See* 20 C.F.R. §§ 404.1505(a), 404.1509. Treatment notes of January 31, 2008, indicate that by January, Plaintiff was "doing well," alert and oriented, with only "some fatigue" (R. 428). No conclusion of disability was noted. By April 30, 2008, Plaintiff reported that she was "starting a new job in sales" and doing much better (R. 427). She had been exercising by doing yard work and had lost weight with Weight Watchers. *Id.* Elsewhere in the record, Plaintiff testified that beginning in December 2007, she studied for and obtained her license to sell insurance, had worked

---

[2]Plaintiff underwent a series of unfortunate financial and emotional hardships, which the Court will not detail, in the interests of her privacy. Her provider noted that these hardships resulted in a level of stress which was "definitely affecting her body's ability to heal." (R. 337).

for several months, had been on about twenty job interviews, and had done some volunteer work (R. 38-40). In sum, the Commissioner did not ignore the opinions, but the excerpts do not establish a disabling impairment lasting the requisite 12 months, in any event. Any error is harmless.

*Credibility*

Plaintiff next asserts that the ALJ failed to establish a reasonable basis for rejecting her testimony of disabling limitations. Plaintiff testified that she could not work 40 hours a week on a regular basis because of "fogginess, tiredness, my neck and my shoulders and my arms" (R. 40-41). The ALJ noted these allegations, concluded that her medically determinable impairments could "reasonably be expected to cause some of the alleged symptoms" but determined that her "statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the above residual functional capacity assessment." (R. 22).

When a claimant attempts to establish disability through his or her own testimony of subjective symptoms, the Eleventh Circuit follows a three-part test that requires: "(1) evidence of an underlying medical condition and either (2) objective medical evidence that confirms the severity of the alleged [symptom] arising from that condition or (3) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged [symptom]." *Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir.1991). Here, as noted, the ALJ found evidence of an underlying condition, but did not find that Plaintiff met either step two or three of the pain standard. Upon review, the Court finds this determination to be supported by substantial evidence.

"If proof of a disability is based upon subjective evidence and a credibility determination is, therefore, critical to the decision, the ALJ must either explicitly discredit such testimony or the implication must be so clear as to amount to a specific credibility finding." *Foote, supra*, 67 F.3d at 1562 (quotation omitted). A reviewing court will not disturb a clearly articulated credibility finding with substantial supporting evidence in the record. As a matter of law, the failure to articulate the

reasons for discrediting subjective pain testimony requires that the testimony be accepted as true. *Foote*, 67 F.3d at 1561-62; *Cannon v. Bowen*, 858 F.2d 1541, 1545 (11th Cir. 1988). The issue, therefore, is not whether there exists some evidence to support Plaintiff's allegations. The issue is whether the ALJ adequately articulated a rationale for discrediting Plaintiff's assertions of disability, and whether that rationale is supported by substantial evidence. The Court finds that to be the case here.

In the administrative decision, the ALJ detailed at length the medical evidence supporting the pain standard finding, noting the benign consultative physical examination, the results of the December 2008 physical examination by Dr. Coupland and other treatment notes indicating that her staph infection had resolved, the fact that Plaintiff was sent for additional testing but did not follow through, and the findings of a consultative psychological examination (R. 22-23). Plaintiff points to other evidence in the record, and contends that "at the very least, the ALJ's reasons do not outweigh" this evidence. This, however, is not the appropriate standard. "If the Commissioner's decision is supported by substantial evidence, this Court must affirm, even if the proof preponderates against it." *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n. 8 (11th Cir. 2004). "We may not decide facts anew, reweigh the evidence, or substitute our judgment for that of the [Commissioner.]" 357 F.3d at 1240 n. 8 (internal quotation and citation omitted). In addition to the medical evidence, the ALJ noted in his decision Plaintiff's reports of daily activities, including taking care of her dogs, preparing meals, household chores, driving, shopping, and computer work (R. 20). As summarized in the decision, Plaintiff's medical treatment was conservative, without hospitalizations or treatment by specialists. Indeed, Plaintiff's diagnosis of fibromyalgia was reached when Plaintiff telephoned the office, advised her doctor that her chiropractor said that she had fibromyalgia, and asked for the diagnosis to be included in her chart "for insurance purposes" (R. 337). Despite Plaintiff's allegations of functional limitations, she testified that when her temporary disability insurance ran out in December 2007, she

returned to work, studied for and obtained an insurance license, worked for herself and others part time as an insurance agent, went "on about 20 interviews, trying to stay local in this area," became frustrated "because no one's hiring me and I have the education," and tried some volunteering (R. 38-40). The ALJ's conclusion that "the claimant's statements concerning the intensity, persistence and limiting effects of her symptoms are not credible to the extent they are inconsistent with the RFC" is adequately supported. As the ALJ adequately set forth a reasoned rationale with specific record citation that supports the credibility findings, it will not be disturbed.

*The completeness of the RFC and question to the VE*

Next, Plaintiff marshals several different arguments under the umbrella assertion that the ALJ did not include all of Plaintiff's impairments in the RFC finding, or in the questions posed to the Vocational Expert. Plaintiff asserts that the ALJ failed to include her panic attacks, limitations in concentration, inability to handle stress, Dr. Coupland's opinions, inability to work full time, and medication side effects and ineffectiveness.

As noted by Plaintiff, the RFC assessment should be based upon all of the relevant evidence of a claimant's remaining ability to do work despite his impairments. *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997). Further, "[i]n order for a vocational expert's testimony to constitute substantial evidence, the ALJ must pose a hypothetical question which comprises all of the claimant's impairments." *Wilson v. Barnhart*, 284 F.3d 1219, 1227 (11th Cir. 2002). An ALJ, however, is "not required to include findings in the hypothetical that the ALJ [has] properly rejected as unsupported." *Crawford v. Commissioner of Social Security*, 363 F. 3d 1155, 1161 (11th Cir. 2004).

Initially, the Court notes that Plaintiff has included certain alleged symptoms as separate "impairments." To the extent most of these symptoms relate to an alleged mental health impairment, the ALJ fully evaluated the evidence of such an impairment, finding Plaintiff to suffer from an affective mood disorder (Doc. No. 19). The ALJ specifically considered Plaintiff's concentration

complaints (R. 20, 23), as well as her complaints of anxiety and stress (R. 22, 23).[3] The ALJ relied on and incorporated the findings of the consultative examiner, who found Plaintiff to have an adjustment disorder with mixed anxiety and depression relating to current life stressors (R. 356), as well as the opinion of a non-examining psychologist that Plaintiff's mental condition limited her in that she would be able to understand and remember simple instructions, would be able to complete simple tasks or work procedures, and would be able to cooperate and be socially appropriate, but with difficulties accepting criticisms from supervisors (R. 388-401, 23). This limitation was included in the RFC and in the hypothetical presented to the VE (R. 57-59).[4]

To the extent Plaintiff asserts an inability to work full time, the Court observes that every disability applicant must, of necessity, claim as such. This is not an illness or impairment but, rather, a symptom (or result) of an illness or impairment. To the extent this is a complaint of fatigue, the ALJ considered this limitation in restricting Plaintiff to sedentary work, with additional limitations. Indeed, the ALJ gave little weight to the opinions of state agency consultants who opined that Plaintiff could perform medium work, finding that "the state agency physical medical consultant's opinions are inconsistent with the overall objective medical evidence contained in the record, which supports a maximum *sustained work capability* limited to the above-mentioned residual functional capacity as a result of the numerous medically determinable impairments." (R. 23–emphasis added).

The final objection is to the ALJ's treatment of alleged side effects of Plaintiff's medications. Plaintiff did not claim to be disabled due to side effects of her medications, and, in fact, disclaimed

[3]Plaintiff reported taking medication for her panic attacks since 2005, prior to the alleged onset here, and that the medication was effective (R. 355).

[4]Note that this distinguishes this case from *Winschel.* Post-*Winschel,* the Eleventh Circuit has recognized that a hypothetical question could sufficiently account for a moderate limitation in concentration, persistence or pace by including a restriction to simple or routine tasks *if* the medical evidence demonstrates that the claimant has the ability to perform those tasks despite concentration deficiencies. *See Jarrett v. Comm'r of Soc. Sec.*, 422 Fed. Appx. 869, 872 (11th Cir. 2011) (unpublished). Here, Dr. Weber, a non-examining state agency provider, noted that Plaintiff: "Would [be] able to complete simple tasks/work procedures and be able to make work decisions but would have difficulties with maintaining attention and concentration for extended periods and would have difficulties carrying out detailed instructions" (R. 404).

any side effects in her reports (*see, e.g.,* R. 143 and R. 203-listing medication side effects as "none;" *cf.* R. 211– side effects were "n/a, except for tiredness."). As noted by the Appeals Council, the record makes almost no mention of side effects from medications and on the rare occasion a side effect was alleged, the medication was changed (R. 2, 331-332, 333). Most importantly, the only side effect Plaintiff mentions is tiredness. Even if the Court were to accept that Plaintiff's alleged fatigue was a side effect of her medication, as opposed to a symptom of her illness, the ALJ adequately evaluated this symptom/side effect in the context of her fibromyalgia and affective disorder. As substantial evidence supports the finding that Plaintiff's impairments were not disabling, there is no error.

A final note is in order. The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § § 416(I), 423(d)(1); 20 C.F.R. § 404.1505. The impairment must be severe, making the claimant unable to do his or her previous work, or any other substantial gainful activity which exists in the national economy. 42 U.S.C. § 423(d)(2); 20 C.F.R. § § 404.1505-404.1511. While it is clear that Plaintiff had challenges and difficulties, the only issue before the Court is whether the decision by the Commissioner that Plaintiff did not meet this standard is adequately supported by the evidence and was made in accordance with proper legal standards. As the Court finds that to be the case, it must affirm the decision.

## Conclusion

The decision of the Commissioner was supported by substantial evidence and was made in accordance with proper legal standards. As such, it is **AFFIRMED.** The Clerk is directed to enter judgment accordingly and close the file.

**DONE** and **ORDERED** in Orlando, Florida on June 1, 2012.

David A. Baker

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record